Filed 11/21/23

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MATTHEW SAM MAZUR,<br><br>    Defendant and Appellant. | D081331<br><br><br>(Super. Ct. No. SCD261283) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed.

Thomas E. Robertson for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

Matthew Sam Mazur appeals from his third sentencing for multiple criminal offenses arising out of a fraudulent investment scheme.  The sole issue Mazur raises in this appeal from a reduced 23-year prison sentence is that the trial court erred by refusing to dismiss a five-year white-collar enhancement for loss greater than $500,000.  (Pen. Code, § 186.11, subd.

(a)(2).)[1] Mazur argues that the trial court was required to dismiss this enhancement because its imposition "result[ed] in a sentence of greater than 20 years." (§ 1385, subd. (c)(2)(C).) We find no error and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

In 2017, a jury found Mazur guilty of 35 offenses against multiple victims, including multiple counts of grand theft and securities fraud, based on his perpetration of a fraudulent investment scheme over many years. (*In re Mazur*, *supra*, 81 Cal.App.5th at pp. 206–207). Specifically, "Mazur and his co-defendant defrauded investors of millions of dollars by misrepresenting the success of a medical device company that they owned." (*Id*. at p. 206.) The jury also found multiple enhancements to be true, including an on-bail enhancement (§ 12022.1, subd. (b)) and a white-collar enhancement for loss greater than $500,000 (§ 186.11, subd. (a)(2)). (*People v. Mazur*, *supra*, D073268.)

After the trial court sentenced Mazur to 35 years eight months in prison, this court reversed two of his convictions and remanded the matter for resentencing. (*People v. Mazur*, *supra*, D073268.) On remand, the trial court resentenced Mazur to 27 years in prison. In a subsequent habeas proceeding, however, we struck the on-bail enhancement and again remanded for resentencing. (*In re Mazur*, *supra*, 81 Cal.App.5th at pp. 214–215.)

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Rather than restate the entire factual and procedural background of the case, we will assume familiarity with our prior opinions from Mazur's first appeal and his petition for writ of habeas corpus. (*People v. Mazur* (Nov. 19, 2019, D073268) [nonpub. opn.]; *In re Mazur* (2022) 81 Cal.App.5th 203.)

At the third sentencing, the court imposed a total sentence of 23 years in prison, including a five-year term for the white-collar enhancement. The trial court rejected Mazur's argument that newly enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) required dismissal of the white-collar enhancement because it would "result in a sentence of greater than 20 years." (§ 1385, subd. (c)(2)(C).) The court acknowledged that "the white-collar crime enhancement does carry the sentence over the 20-year mark" and "the Court is to give great weight to that," but still concluded that it was not "in the interest of justice to strike that enhancement." The court explained that even under Senate Bill No. 81's amendments to section 1385, "any action the Court does [must be] in the interest of justice." The court further explained:

> "I also need to look at the entirety of the case. And . . . I can't eliminate from my mind the extreme distress and distraught nature of the victims in this case and how the frauds, on some of them in particular, destroyed their lives and their families' lives.

> "There were some victims who took it in stride. They had financial wherewithal and they could just move on from their mistake. But there were others, [R.B.] . . . who then convinced other family members to invest. This was a situation that devastated her.

> "Mr. [P], who was blind and 95, I believe, that was such an extreme act towards such an elderly person and caused great emotional distress to his daughter.

> "When I look at all of the victims and look at the amount of taking and recognize that at the end of the day, the actual sentence for each of the individual victims is quite small. The only reason that the sentence is large is because there were so many of them.

"And the white-collar crime enhancement exists to show, I think, that an additional punishment is appropriate because of the great taking, which isn't really represented by just the number of victims.

"So I do not find that it is in the interest of justice to strike that enhancement, even taking into account Mr. Mazur's obvious poor health."

## DISCUSSION

On appeal, Mazur does not argue that the trial court abused its discretion by finding that dismissal of the white-collar enhancement was not in the interest of justice. Mazur nevertheless argues that the trial court was required to dismiss the enhancement under section 1385, subdivision (c)(2)(C) because it resulted in a sentence of over 20 years and the trial court did not find that dismissal would endanger public safety.

"For all criminal sentencings after January 1, 2022, our Legislature in Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) has provided direction on how trial courts are to exercise their discretion in deciding whether to dismiss sentencing enhancements." (*People v. Walker* (2022) 86 Cal.App.5th 386, 391, review granted March 22, 2023, S278309 (*Walker*).)[3] Specifically, section 1385, subdivision (c)(1) now provides that

---

[3]    In its order granting review in *Walker*, the Supreme Court stated that the Court of Appeal's opinion could still be cited for its persuasive value while review was pending. (*People v. Walker*, order granting review issued March 22, 2023, S278309.) The high court limited the issue to be briefed and argued to the following: "Does the amendment to Penal Code section 1385, subdivision (c) that requires trial courts to 'afford great weight' to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the court finds dismissal would endanger public safety?" (*Ibid.*) The Supreme Court also granted review of another published case that had disagreed with *Walker* on the rebuttable presumption issue. (*People v. Ortiz* (2023) 87

"the court shall dismiss an enhancement if it is in the furtherance of justice to do so," and subdivision (c)(2) states that "[i]n exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence" of nine listed "mitigating circumstances," any "one or more" of which "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." Subdivision (c)(3) further provides: "While the court may exercise its discretion at sentencing, this subdivision does not prevent a court from exercising its discretion before, during, or after trial or entry of plea."

The nine listed "mitigating circumstances" include factors such as mental illness, prior victimization, childhood trauma, use of an inoperable or unloaded firearm, the defendant's status as a juvenile, and the use of a prior conviction that is over five years old. (§ 1385, subd. (c)(2)(A)-(I).) Two of the mitigating circumstances include "shall be dismissed" language. Subdivision (c)(2)(B), which Mazur does not rely on here, states: "Multiple enhancements are alleged in a single case. *In this instance, all enhancements beyond a single enhancement shall be dismissed.*" (Italics added.) Subdivision (c)(2)(C), the one Mazur does invoke, states: "The application of an enhancement could result in a sentence of over 20 years. *In this instance, the enhancement shall be dismissed.*" (Italics added.)

Mazur expressly disclaims any argument that the "shall be dismissed" language of subdivisions (c)(2)(B) and (c)(2)(C) requires dismissal *in every case* in which an enhancement results in a total sentence of over 20 years or multiple enhancements are alleged. Other California courts have

Cal.App.5th 1087, 1097–1098, review granted April 12, 2023, S278894 (*Ortiz*).) The issue now pending before the Supreme Court in these cases is not relevant here because neither side has argued that the statute creates a rebuttable presumption.

consistently rejected this mandatory dismissal argument in construing the "shall be dismissed" language of subdivisions (c)(2)(B) and (c)(2)(C). (See *People v. Mendoza* (2023) 88 Cal.App.5th 287, 290–293; *People v. Anderson* (2023) 88 Cal.App.5th 233, 238–240, review granted April 19, 2023, S278786 (*Anderson*); *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 15–21 (*Lipscomb*); *Walker*, *supra*, 86 Cal.App.5th at pp. 391, 395–398, review granted.) We agree with the reasoning of these cases on this point.

Mazur instead argues that dismissal is required whenever either subdivision (c)(2)(B) or subdivision (c)(2)(C) applies *and* the trial court does not find that dismissal would endanger public safety. According to Mazur, dismissal of the white-collar enhancement was mandatory here because the trial court did not find that it would endanger public safety. In response, however, the People argue that a court is only required to dismiss an enhancement under section 1385, subdivision (c) when it finds that it is in furtherance of justice to do so—and the trial court here expressly determined that it was not. According to the People, even when a subdivision (c)(2)(B) or (c)(2)(C) mitigating circumstance applies, the statute only requires the court to give it "great weight" in making a discretionary determination whether dismissal is in furtherance of justice, just as the trial court did here. (§ 1385, subd. (c)(2).)

We agree with the People. As our sister courts have concluded, the statutory phrase "shall be dismissed" in section 1385, subdivisions (c)(2)(B) and (c)(2)(C) cannot be read in isolation. (*Anderson*, *supra*, 88 Cal.App.5th at p. 239, review granted; *Lipscomb*, *supra*, 87 Cal.App.5th at p. 18; *Walker*, *supra*, 86 Cal.App.5th at p. 396, review granted.) Construed as a whole, the statute makes clear that all the mitigating circumstances listed in subdivision (c)(2) merely guide the court's discretion in determining whether

a dismissal is in furtherance of justice. Subdivision (c)(1) first sets forth the controlling "furtherance of justice" standard for dismissal. Subdivision (c)(2) then states that the court must give great weight to the presence of any one or more of the nine listed mitigating circumstances "[i]n exercising its discretion" whether to dismiss. Subdivision (c)(3) confirms the discretionary nature of this decision by stating that the court "may exercise its discretion at sentencing" but is not prevented "from exercising its discretion" earlier in the proceedings. We therefore conclude that the "shall be dismissed" language of the mitigating circumstances in subdivisions (c)(2)(B) and (c)(2)(C)—read in the context of the statute as a whole—only requires the court to dismiss the enhancement if it first finds that dismissal is "in the furtherance of justice." (§ 1385, subd. (c)(1).)

The statutory language does not support Mazur's argument that dismissal is mandatory under subdivision (c)(2)(B) or (c)(2)(C) whenever the court makes no finding that it would endanger public safety. By its terms, the "endanger public safety" language pertains only to the *weight* a trial court must give to the mitigating circumstances. Subdivision (c)(2) states that, absent a finding that dismissal "would endanger public safety," the presence of *any* "one or more" of the listed mitigating circumstances "weighs greatly" in favor of dismissal. (§ 1385, subd. (c)(2).) Conversely, if the court finds that dismissal *would* endanger public safety, then it need *not* give great weight to the presence of any mitigating circumstance. In either case, however, the court must apply the controlling "furtherance of justice" standard. (§ 1385, subd. (c)(1).) By Mazur's reasoning, we would have to construe the phrase "weighs greatly" to mean "weigh[s] *dispositively*" for the two mitigating circumstances listed in subdivisions (c)(2)(B) and (c)(2)(C), but not for the other seven mitigating circumstances. (*Walker*, *supra*, 86 Cal.App.5th at

7

p. 397, review granted.) "But that is not what the statute says, and we are not allowed to rewrite the statute." (*Ibid.*)

"As the plain text of section 1385 repeatedly emphasizes, its purpose is to grant trial court *discretion* to dismiss enhancements. And the purpose of Senate Bill No. 81, as reflected in the Legislative Digest, is to encourage exercise of that discretion by making dismissal mandatory *if it is in the furtherance of justice to do so.*" (*Walker*, *supra*, 86 Cal.App.5th at p. 397, review granted (second italics added); see Legis. Counsel's Dig., Sen. Bill No. 81, Stats. 2021, ch. 721 (2021-2022 Reg. Sess.).) "In other words, the dismissal of the enhancement is conditioned on the court's finding dismissal is in the interest of justice." (*Anderson*, *supra*, 88 Cal.App.5th at p. 239, review granted.) "[T]he ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement." (*Ortiz*, *supra*, 87 Cal.App.5th at p. 1098, review granted; see also *People v. Ponder* (Oct. 26, 2023, A166053) __ Cal.App.5th __, __ [2023 Cal.App. Lexis 839, at p. *16] ["[W]e reject defendant's argument that section 1385(c)(2) requires dismissal of an enhancement when a mitigating circumstance is present unless the sentencing court finds dismissal would endanger public safety. Instead, we agree with *Ortiz* that the court retains discretion under section 1385(c)(2) to choose not to dismiss the enhancement in the furtherance of justice for reasons other than public safety."].)

We therefore reject Mazur's contention that dismissal of an enhancement can be mandatory under section 1385, subdivision (c) even when the court finds that it is not in furtherance of justice. The trial court must find that *any* dismissal under subdivision (c) is in "furtherance of justice." (§ 1385, subd. (c)(1).) The "endanger public safety" language applies only as an exception to the requirement that the court must give "great

8

weight" to the presence of any mitigating circumstance.  (§ 1385, subd. (c)(2).)  But the controlling "furtherance of justice" standard is broader and allows the court to consider factors beyond public safety in exercising its discretion whether to dismiss an enhancement, including the nature and circumstances of the crimes and the defendant's background, character, and prospects.  (See *People v. Williams* (1998) 17 Cal.4th 148, 161 [applying "furtherance of justice" standard for dismissal of strike prior under section 1385, subdivision (a)].)

Finally, we note that the "shall be dismissed" language of subdivisions (c)(2)(B) and (c)(2)(C) has a logical meaning other than to override the controlling "furtherance of justice" standard.  In the case of multiple enhancements alleged in a single case, the statute specifies that if the trial court finds dismissal is in furtherance of justice, then "all enhancements beyond a single enhancement shall be dismissed."  (§ 1385, subd. (c)(2)(b).)  This language clarifies that the trial court must leave one and only one enhancement in place if it exercises its discretion to dismiss under this provision.  And for any enhancement that could result in a sentence over 20 years, the statute states that "the enhancement shall be dismissed."  (§ 1385, subd. (c)(2)(C).)  This language clarifies that the court must dismiss the charged enhancement if it exercises its discretion to do so, and it cannot simply strike the punishment or the portion of the punishment that would result in a sentence over 20 years.  Thus, our interpretation of the statute does not render meaningless the "shall be dismissed" language of either of these subdivisions.

Because the trial court explicitly found that dismissal was *not* in the interest of justice, and Mazur does not contest that finding, he has failed to

9

demonstrate any error in the court's refusal to dismiss the white-collar enhancement.

## DISPOSITION

The judgment is affirmed.

BUCHANAN, J.

WE CONCUR:

IRION, Acting P.J.

DO, J.